| | |
|---|---|
| **MIKAEL ROBERTS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.  BACKGROUND

On June 19, 2020, Petitioner Mikael Roberts ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit bank fraud and wire fraud, 18 U.S.C. § 1349 (Count One); two counts of financial institution fraud, 18 U.S.C. § 1344(2) (Counts Eight and Nine); and two counts of aggravated identity theft, 18 U.S.C. § 1028(a)(1), (b), and 2 (Counts Fourteen and Fifteen). [CR Doc. 3: Bill of Indictment].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Fourteen and the Government agreed to dismiss Counts Eight, Nine, and Fifteen of the Indictment. [CR Doc. 79 at ¶¶ 1-2: Plea Agreement]. The plea agreement set forth the minimum and maximum sentences for both counts; that is, a maximum term of 30 years'

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00632-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:20-cr-00203-RJC-DCK-4.

imprisonment on Count One and a minimum and maximum of two years consecutive to any other term of imprisonment on Count Fourteen. [Id. at ¶ 5]. Petitioner pleaded guilty pursuant to the plea agreement. [CR Doc. 81: Acceptance Entry of Guilty Plea].

The Court sentenced Petitioner to a term of imprisonment of 33 months on Count One and a consecutive term of 24 months on Count Two, for a total term of imprisonment of 57 months. [CR Doc. 135 at 2: Judgment]. Judgment was entered on November 18, 2021. [Id.]. Petitioner did not appeal. On November 8, 2022, Petitioner filed a motion in the criminal proceeding requesting that his more recently entered state sentence run concurrently with his current federal sentence. [CR Doc. 160]. Petitioner explained that, at the time of the federal indictment in the federal criminal case, he was in state custody on charges of assault with a deadly weapon inflicting serious bodily injury ("AWDWISI") and promoting prostitution. [Id. at 3]. Petitioner stated that, when he was sentenced in state court on February 23, 2022, he was under the impression that his state sentence would run concurrently with his federal sentence. Petitioner has since been informed that these sentences would not run concurrently. [Id. at 1]. The Court denied Petitioner's motion, noting the Court's discretion to announce whether its sentence will run concurrently with or consecutive to an anticipated state sentence, and that while the issue was not addressed in the federal sentencing proceedings, the federal presentence report included the pending state charges, [citing CR Doc. 104 at 16-17], and "multiple terms of imprisonment imposed at different times run consecutively unless the judgment states otherwise, 18 U.S.C. § 3584(a), and the sentence for violating 18 U.S.C. § 1028A (Count Fourteen) may not be served concurrently with any other term of imprisonment." [CR Doc. 161].

On November 13, 2022, Petitioner filed the pending pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1; see id. at 13]. Plaintiff claims he received ineffective assistance

of counsel because his attorney failed to "rais[e] the issue" of whether his "federal sentence would allow [his] state sentence" to run concurrently even though his attorney knew about the anticipated state sentence. [CV Doc. 1 at 4]. For relief, Plaintiff asks that the Court allow his state sentence to run concurrently with his federal sentence. [Id. at 13].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence, … or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under the Rules Governing Section 2255 Proceedings for the United States District Courts, an applicant for relief under § 2255 must "specify all the grounds for relief available" and "state the facts supporting each ground." Rule 2(b)(1)-(2).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a

3

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). Thus, in all claims of ineffective assistance, the petitioner must affirmatively show prejudice.

Here, Petitioner contends he received ineffective assistance of counsel because his attorney failed to raise at sentencing whether Petitioner's state sentence could run concurrently with Petitioner's current federal sentence. [CV Doc. 1 at 4]. Petitioner's claim is without merit. "'Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.'" United States v. Fuller, 535 Fed. App'x 304 (4th

4

Cir. 2013) (quoting 18 U.S.C. § 3584(a)). Petitioner has not shown any basis for imposing concurrent sentences, particularly where Petitioner's wire fraud and aggravated identity theft charges were unrelated to his state AWDWISI and promoting prostitution charges. See United States v. Wyrick, 708 Fed. App'x 786, 788 (4th Cir. 2017) (upholding district court's refusal to run a federal sentence concurrent with an anticipated state sentence on unrelated, pending charges); Setser v. United States, 566 S.Ct. 1463 (2012) (recognizing courts of appeals' decisions upholding federal district court judges' discretion to determine whether to impose a federal sentence concurrent with, or consecutive to, a yet-to-be-imposed state sentence). Nor has Petitioner shown that any future sentence on state charges would have affected the length of the federal sentence. Additionally, Petitioner does not allege that, but for counsel's conduct, he would not have pleaded guilty, but would have proceeded to trial. See Meyer, 506 F.3d at 369. Rather, he simply asks the Court to order that his sentences run concurrently. [See CV Doc. 1 at 13]. Finally, Petitioner does not allege or show that the sentencing outcome "was fundamentally unfair or unreliable," Sexton, 163 F.3d 874 at 882, or that there is a reasonable probability that his sentence would have been less severe had his attorney argued for concurrent sentences. To be sure, the Court recently denied Petitioner's pro se motion for a concurrent sentence in his criminal proceedings. [CR Doc. 161]. Because Petitioner has not shown prejudice, the Court need not consider Strickland's performance prong. Rhynes, 196 F.3d at 232. His claim will be dismissed.

In sum, Petitioner has failed to state a cognizable claim for relief under § 2255. The Court will dismiss his motion to vacate on initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

**IV. CONCLUSION**

Having concluded that Petitioner's claim of ineffective assistance of counsel is without

5

Case 3:22-cv-00632-RJC   Document 2   Filed 12/05/22   Page 5 of 6

merit, the Court will deny and dismiss Petitioner's motion to vacate under § 2255.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 5, 2022

Robert J. Conrad, Jr.
United States District Judge